

**Karen L. Zdanis, Esq.**

**NEW YORK**
Four Executive Boulevard, Suite 101
Suffern, New York 10901

**(845) 356-0855**
kzdanis@zdanislawfirm.com
www.zdanislawfirm.com

<u>**VIA ECF**</u>
Hon. Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

May 14, 2024

      Re:    *LaRubInt Corp. v. Joint Stock Co. Studio Soyuzmultfilm*
              Case No. 22-CV-4461- HG
              <u>**Defendant's Pre-Motion Counter Letter - Summary Judgment**</u>

Dear Judge Gonzalez:

      Pursuant to the Court's minute order dated April 23, 2024, and in accordance with Section IV.A of your Honor's Individual Practices, defendant Joint Stock Co. Studio Soyuzmultfilm ("SMF" or "Defendant") submits this letter and the annexed Counter-Statement to Plaintiff LaRubInt Corp.'s ("LaRubInt" or "Plaintiff") Statement of Material Facts pursuant to Local Rule 56.1.

      SMF objects to LaRubInt's Statement of Undisputed Material Facts as well as its inaccurate summary of the case as set forth in its pre-motion letter. The facts that truly are "undisputed" do not, by themselves, support a summary judgment award. LaRubInt's claims rely on extraneous documents and fail to provide the necessary facts to support its breach of contract claim. It is concerning that LaRubInt has somehow obtained internal and proprietary information belonging to SMF that is not public and could not have been obtained except for impropriety. Moreover, LaRubInt's citation to another case bearing no relevance to this case and its repeated reference to SMF as an arm of the Russian government and assertion of corruption demonstrate its intentional injection of prejudicial culture and politics into this case. SMF requests that this Court order that LaRubInt refrain from making these references.

      LaRubInt's repeated attempts at creating a bias is not dissimilar to the bad faith it exhibited in entering into the agreements here. SMF's position is that the agreements are legally invalid for a number of reasons. First, the underlying agreements were not authorized by the Ministry of Culture. Thus, the agreements should be rescinded and declared void. Second, even if the agreements were valid, summary judgment still is not proper because there was no concurrent license, and therefore no breach. Third, LaRubInt was not "blocked" from the market, and LaRubInt violated the terms of the written agreements by entering into the agreement in bad faith. Fourth, LaRubInt neither had the wherewithal to exploit the alleged licenses nor made any

meaningful efforts to do so. Finally, the alleged supplementary agreement lacked consideration and was not signed by an agent of SMF.

## Summary of Defendant's Objections

At the outset, LaRubInt was aware that all contracts considered as "major transactions" for SMF must be approved by the Ministry of Culture of the Russian Federation ("Ministry of Culture"). The underlying contracts were "major transactions" and had not been submitted for approval. For this reason, the contracts were void.

Setting aside the fact that the underlying contracts were void, and assuming *arguendo* that they were enforceable, relevant facts and circumstances related to LaRubInt's claims are nonetheless inappropriate for summary judgment. The crux of LaRubInt's claims is predicated on the extension of a prior license in Japan given to a third party that LaRubInt alleges ran concurrently with the license it signed with SMF. SMF did provide the prior license to a Japanese entity named TXBB, who while in possession of the licensing rights, partnered with an additional entity to form Cheburashka Project LLP ("CPLLP"). Contrary to LaRubInt's assertions, however, CPLLP's rights to exploit the license expired on December 31, 2014 when the license was terminated.

LaRubInt's license arises from three (3) successive agreements dated August 18, 2016, August 24, 2016, and August 30, 2016 (collectively referred to herein as LaRubInt's license), each of which covered a different geographical region of the world. The period of LaRubInt's license is from September 1, 2016 to August 31, 2021, notably *after* CPLLP's rights had ended. LaRubInt alleges that its license was subsequently extended for an additional fifteen (15) years, even without any payment or other form of consideration. Documents show this supplemental agreement ("SA") was signed without authority and was signed at a date later than is written on the face of the document.

LaRubInt alleges that it dealt "directly with SMF's most senior officer." (Plaintiff Pre-Motion Letter at ¶ 4). It also points out that this officer, who LaRubInt subsequently referred to as "the top officer of the company" (*Id.* at ¶ 6), "fully supported LaRubInt's initial efforts." (*Id.*). LaRubInt fails to mention, however, that this same officer has since been given an opportunity to resign instead of being terminated by SMF and signed a sworn statement in which he averred that the license given to TXBB/CPLLP had indeed been terminated prior LaRubInt's license.[1] Also, taking into consideration that this officer was appointed by the government, LaRubInt's apparent disapproval of the government seems incompatible.

Despite the fact that the prior license had been terminated, LaRubInt continues to allege that the license "ran concurrently" with LaRubInt's license. (*Id.* at ¶ 6). By relying on this falsity, LaRubInt has consistently touted an unsupported notion that it was "blocked" from exploiting its license. It even suggests that the prior license "render[ed] all of the rights [LaRubInt] had contracted and paid for a nullity, and block[ed] all avenues to enter the lucrative regional markets." (*Id.*). SMF disputes this suggestion.

---

[1] (*See* Zdanis Aff., Ex. O, Davydov Statement dated December 12, 2016, ¶ 3).

LaRubInt had no written or formal marketing or business plan and had no documented research of the markets pertaining to Cheburashka. It kept no written reports, and cannot quantify its research. In sum, LaRubInt exerted no effort. It's lack of effort demonstrates that it was immediately in breach of the license. Furthermore, the LaRubInt license, as written, granted it the ability to exploit the Cheburashka character in *multiple* geographical regions, yet it demonstrated no intent to comply anywhere. The Tokyo court emphasized the totality of LaRubInt's apathetic effort.

LaRubInt alleges that SMF "failed to live up to its contractual obligations" practically from the beginning. (Plaintiff's Pre-Motion Letter at ¶ 6). The veracity of this statement is undercut by LaRubInt's subsequent attempts to extend the duration of the license. Only two months after the three (3) consecutive agreements referenced above were signed, LaRubInt implored SMF to extend the license. LaRubInt's attempt to prolong a relationship (*albeit with the same party it accuses of foul play from the outset*[2]) resulted in the SA referenced above. The authenticity of the SA is specious. SMF was not in receipt of this document, received no payment or other form of consideration for the extension and there is no documentation that sheds light on how the SA was transmitted or how its terms were negotiated. The "senior officer" referenced above, from whom LaRubInt allegedly secured a signature, was no longer employed by SMF at the time of its execution, and the actual date of execution appears to have been well after the date on the face of the document.

The 2018 meeting between SMF and CPLLP that is referenced in LaRubInt's submission occurred *two (2) years* after LaRubInt's ongoing breach of the license. Ms. Rubstein testified that in all that time, LaRubInt made no concerted efforts to live up to its obligations pursuant to the license. LaRubInt baselessly accuses SMF of being in cahoots with CPLLP in conjuring up a scheme premised on forum shopping. Yet, SMF never received any royalties from CPLLP, and because of this, had no loyalty to CPLLP.

The facts do not weigh in LaRubInt's favor. LaRubInt, in an attempt at manipulation, references supposed "litigation ploys" and "tactics" that it attributes to SMF. (Plaintiff's Pre-Motion Letter at Fn 3). In another case a Russian court recently held that Ms. Rubstein forged documents. This decision has been produced to LaRubInt in Russian and is being translated into English for our use herein. In addition, SMF recently came into possession of statements from two individuals, both of whom Ms. Rubstein claims signed agreement(s) or other legally binding document(s) with her. Both individuals deny ever having seen or signed such documents.

Respectfully submitted,

 */s/ Karen Zdanis*
Karen Zdanis

---

[2] It begs the question: Why is LaRubInt trying to extend a contract with SMF, who it accuses of already being in breach of the initial term? Simply put, there is an explicit contradiction between LaRubInt's statements and its actions.